IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WHITEHALL FARM, LLC              :          CIVIL ACTION
                                 :
          v.                     :
                                 :
THE HANOVER INSURANCE COMPANY    :          NO. 26-1434

MEMORANDUM

Bartle, J.                                          May 20, 2026

Plaintiff Whitehall Farm, LLC brought this action against defendant Hanover Insurance Company ("Hanover")[1] over an insurance dispute.  Plaintiff brings claims for breach of the terms of its insurance policy (Count I), for a declaratory judgment as to the scope and nature of its rights under its policy (Count II), and for bad faith under 42 Pa. Cons. Stat. § 8371 in denying their claim (Count III).

Before the court is the motion of Hanover to dismiss plaintiff's claims for a declaratory judgment (Count II) and for bad faith (Count III) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. # 9).

I

For present purposes, the court must accept as true all well-pleaded facts in plaintiff's complaint.  Bell Atlantic

_____

[1]   The parties agree that defendant is incorrectly identified on the docket as The Hanover Insurance Group.

Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The court may also consider "exhibits attached to the complaint and matters of public record."  Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (citing 5A Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)).  When there is a document "integral to or explicitly relied upon in the complaint," it may also be considered as there is no concern of lack of notice to the plaintiff.  See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (quotation marks omitted)). The court may also take judicial notice of matters of public record.  See id.

The plaintiff must allege sufficient factual content to state a claim that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The pleading must contain more than "labels and conclusions."  Twombly, 550 U.S. at 545.  It must plead more than "a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement."  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557) (internal quotations and alterations omitted).

II

Plaintiff is a limited liability company which owns a property in New Hope, Pennsylvania.  The property has multiple

-2-

buildings.  Defendant issued an "builders' risk" insurance policy covering the entire property.  The policy states that defendant "will not pay for 'loss' caused by or resulting from . . . [f]aulty inadequate or defective . . . [d]esign specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction" or "materials used in repair, construction, renovation or remodeling."  The policy, however, also states that if an excluded loss "results" in a "Covered Cause of Loss," defendant "will pay for the loss caused by that Covered Cause of Loss."

According to the complaint, plaintiff engaged a general contractor to construct a new two-story single-family dwelling on the property and to renovate an existing stone guest house.  The general contractor's performance on the project met or exceeded every contractual obligation.

To complete the project, the general contractor engaged a subcontractor to provide labor and materials in connection with the installation of tiles owned by the plaintiff and bathroom and shower construction.  The engagement included tiling in all bathrooms, including in the showers and on the walls, throughout the property.

The subcontractor did not follow requirements to put the tiles properly on top of the surface of the property.  As a result, they did not bond to the floor and came loose.  The

-3-

subcontractor also improperly cleaned the tile with an acidic cleaner that is damaging to the tile stone.  It also failed to properly waterproof the walls or joints of the property.

These failures will result in plaintiff having to remove, replace and reinstall the tiles, remove extensive custom-built woodwork already incorporated into the property, engage a contractor for HVAC remediation, order new protective floor coverings, and repaint stone walls.

Plaintiff submitted a claim to defendant on October 10, 2025, seeking coverage for losses resulting from the subcontractor's failures.  It did not request coverage for the costs of redoing subcontractor's work in a proper manner because of the "faulty workmanship" exception.

Defendant engaged an expert to visit the property to inspect the damage before deciding on plaintiff's claim.  The expert, according to plaintiff, assessed the damage and found that the covered property suffered direct physical damage resulting from the subcontractor's actions.

On November 18, 2025, defendant issued a letter denying coverage, based on the exclusion relating to coverage for defective work.  Specifically, the letter stated, "this policy does not provide coverage for losses which are a result of improper construction, workmanship or materials used in the construction," and that "[s]ince no ensuing damage occurred,

-4-

there is no coverage that is available for your loss."  Its letter also stated that its expert documented acid "etching" and surface "discoloration" as a "result of being exposed to an acid-based cleaner" and "debonding" and "popping" of tiles "due to an installation defect."  Plaintiff also avers that the expert documented "differential staining patterns indicating chemical misuse, and substate compromise."  Those statements, plaintiff alleges, confirm "unambiguously that [plaintiff's] covered property sustained direct physical damage that resulted from Subcontractor's actions" and that it should have been covered under its policy.

Plaintiff, in its December 8, 2025, response to defendant's denial, demanded that it reverse its prior decision and provide coverage.  Plaintiff noted in its letter, among other things, that defendant's decision contradicted its expert's findings.  Plaintiff sent another response to defendant on January 15, 2026.  Defendant thereafter has remained silent through the date of the filing of this complaint.

### III

Defendant argues that the claim for a declaratory judgment in Count II should be dismissed because it is duplicative of the breach of contract claim.

Congress, through the Declaratory Judgment Act, provides "[i]n a case of actual controversy within its

-5-

jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C.A. § 2201(a). While Rule 57 of the Federal Rules of Civil Procedure states "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate," our Court of Appeals "urges courts to exercise their discretion to decline proceeding with declaratory judgments when they duplicate other claims." Butta v. GEICO Cas. Co., 400 F. Supp. 3d 225, 231 (E.D. Pa. 2019) (quoting State Auto Insurance Company v. Summy, 234 F.3d 131, 134 (3d Cir. 2000)).

Plaintiff seeks a determination in the form of a declaratory judgment that the losses that are the subject of its claim are covered losses under the Policy and that no exclusion applies to remove coverage. In its breach of contract claim, it alleges that its policy with defendant "provides coverage for the losses claimed." To resolve the breach of contract claim, this court will necessarily have to determine which losses are covered by the policy and which are excluded. The declaratory judgment claim is duplicative and will be dismissed.

IV

The Pennsylvania bad faith statute, 42 Pa. Cons. Stat. § 8371, states that:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> (2) Award punitive damages against the insurer.
> (3) Assess court costs and attorney fees against the insurer.

The statute does not define bad faith.

The Superior Court of Pennsylvania explained that to prevail on a bad faith claim under Section 8371, a plaintiff must prove by clear and convincing evidence that the insurer: (1) did not have a reasonable basis for denying benefits under the policy; and (2) knew or recklessly disregarded its lack of reasonable basis in denying the claim. Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994); see also Rancosky v. Washington Nat'l Ins. Co., 170 A.3d 364, 365 (2017). The statute protects against any instances of bad faith by an insurer occurring during its handling of the claim. O'Donnell v. Allstate Ins. Co., 734 A.2d 901, 906 (Pa. Super. Ct. 1999). It also encompasses a broad range of insurer conduct, including unreasonable delay in evaluating claims,

failure to communicate with the insured, frivolous refusal to pay, and inadequate investigation into the factual basis of the insurance claim.  See Cohen v. State Auto Prop. & Casualty Co., Civ. A. No. 00-3168, 2001 WL 120145, at *2 (E.D. Pa. Feb. 8, 2001) (citing Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co., 193 F.3d 742, 751 n.9 (3d Cir. 1999)).

To survive a motion to dismiss, plaintiffs must make specific factual allegations demonstrating what defendant's conduct was, and why such conduct was in bad faith.  See Krantz v. Peerless Indemnity Ins. Co., Civ. A. No. 18-3450, 2019 WL 1123150, at *3-*4 (E.D. Pa. Mar. 12, 2019).  At the pleading stage, a plaintiff states a sufficient claim if the complaint avers basic facts regarding the insurance policy, loss, and denial of the claim, as well as allegations that the insurer acted unreasonably.  Kirschner v. State Farm Fire & Cas. Co., Civ. A. No. 23-993, 2023 WL 7167568, at *5 (E.D. Pa. Oct. 31, 2023).  Mere conclusory allegations will not suffice.  See Houtz v. State Farm Fire & Cas. Co., 754 F. Supp. 3d 594, 599 (E.D. Pa. 2024) (citing Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)); Krantz, 2019 WL 1123150, at *3.

While it is not necessary that the insurer's refusal to pay rises to the level of fraud, mere negligence or bad judgment is not bad faith.  Terletsky, 649 A.2d at 688.  An insurer can defeat a claim of bad faith by showing that it had a

-8-

reasonable basis for its decision to deny payment or that it lacked the required intent.  Id. at 689-90.

Defendant argues that plaintiff's complaint contains "nothing more than boilerplate conclusory allegations" that it had no reasonable basis to deny its claim, and that it knew it lacked a reasonable basis, with no factual support.  It also asserts that plaintiff's allegation that it acted in bad faith by refusing to reevaluate its claim is likewise not sufficient to set forth a plausible claim for relief.

Plaintiff's complaint is factually sufficient to support a claim of bad faith to the extent that defendant's denial of coverage contradicted its expert's reporting.  In this regard, the complaint is specific and not conclusory.  Assuming the allegations in the complaint are true, it is plausible that defendant's denial of coverage contradicted the findings of defendant's expert already in its possession.  Whether plaintiff will be able to prove bad faith remains to be seen.

Accordingly, defendant's motion to dismiss Count III of the amended complaint will be denied to the extent it contradicted its expert's findings.  Otherwise, Count III is conclusory and will be dismissed.